■ ATLANTIC BANK OF NEW YORK, Appellant, v FORREST HOUSE HOLDING COMPANY et al., Defendant, and ATLAS BUILD-ING SYSTEMS, INC., et al., Respondents. [651 NYS2d 607] —In a mortgage foreclosure action, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated September 13, 1995, as denied that branch of its motion which was for partial sum-mary judgment against the defendants Atlas Building Systems, Inc.; Teman Electrical Contracting, Inc.; Valente Industries, Inc.; Skyline Steel Corp.; Super-Structures, Inc.; McNally & McNally, Inc.; De-Con Mechanical Contractors, Inc.; Howard Z. Lieb & Company, Inc.; and JMR Concrete of Long Island Corp.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this mortgage foreclosure action, the respondents, *inter alia*, counterclaimed to foreclose or enforce their respective mechanic's liens. The plaintiff moved, *inter alia*, for summary judgment against them on the ground that its recorded mortgage had priority over their mechanic's liens, at least to the extent of the $2,200,000 loan given by it to the defendant Forrest House Holding Company for land acquisition. The court denied that branch of the plaintiff's motion, and the plaintiff appeals.

Pursuant to Lien Law § 22, a building loan contract, with or without the sale of land, and any modification thereto, must be in writing and must be filed with the County Clerk of the county in which any part of the land is situated. "If not so filed the interest of each party to such contract in the real property * * * is subject to the lien and claim of a person who shall thereafter file a notice of lien under this chapter" (Lien Law § 22). It is the plaintiff's contention that so much of its mortgage as secured the loan proceeds apportioned for the purchase of the property is outside the scope of Lien Law § 22, and that it was therefore entitled to summary judgment against the respondents, the holders of various mechanic's liens. We find that summary judgment was properly denied.

The subordination provision of Lien Law § 22 applies to building loan contracts "either with or without the sale of land". Applying a liberal construction to this provision (*see*,

Lien Law § 23), the language implies that if a lender fails to comply with the requirements of the Lien Law, its entire mortgage, including that part securing loan proceeds advanced for the purchase of the property, would become subordinate to any subsequently filed mechanic's liens. This interpretation is consistent with the overriding concern that the lender is the party responsible for compliance and that the threat of the loss of priority is an effective deterrent against a lender shirking this responsibility (*see, Nanuet Natl. Bank v Eckerson Terrace*, 47 NY2d 243, 248). To the extent that this outcome may be harsh, "it must be understood that we are here dealing not with equitable redress, but with a statutorily imposed penalty" (*HNC Realty Co. v Golan Hgts. Developers*, 79 Misc 2d 696, 703). Copertino, J. P., Joy, Krausman and McGinity, JJ., concur.